WILLIAM R. AND ERLINDA ADAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 23554-89
United States Tax Court
T.C. Memo 1990-543; 1990 Tax Ct. Memo LEXIS 597; 60 T.C.M. (CCH) 1030; T.C.M. (RIA) 90543; October 18, 1990, Filed *597 Respondent's motion to dismiss is granted and decision, including penalty, will be entered for respondent. William R. Adams, pro se. Mary Wynne and Thomas Schleier, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned pursuant to the provisions of section 7443A(b) of the Code and Rule 180 et seq. [1]
*598 Respondent by deficiency notice dated June 22, 1989, determined deficiencies and additions to tax in petitioners' Federal income taxes as follows: Additions to Tax
Year
Tax
Sec. 6653(a)(1)(A)
Sec.6653(a)(1)(B) [2]
1983
$ 1,806
$ 90
50% of interest due
on $ 1,806
1984
1,779
89
50% of interest due
on $ 1,779
In both years respondent's determination resulted from a disallowance of Schedule C expenses and, in 1984, a disallowance of $ 616 in contributions. Petitioners resided at Millbrae, California, when they filed their petition herein. References hereafter to "petitioner" are to petitioner William Adams. Erlinda Adams did not appear at the calendar call or on the date set for trial. This case was set for trial on September 10, 1990, by notice dated June 20, 1990. Along with the trial setting *599 notice, the parties were sent a general notice which provided, inter alia, as follows: 4. Stipulation Conference. Tax Court Rule 91 requires the parties to enter into a written agreement about all material facts and documents that are not in dispute. Deliberate failure or refusal by a party to stipulate may result in a finding against that party. The Court held a telephone conference call on August 9, 1990, with petitioner and counsel for respondent at which time respondent complained about the difficulty of meeting with petitioner who had cancelled scheduled meetings. The Court discussed the requirement of stipulation and advised petitioner of the consequences of his failure to meet with respondent; petitioner was further advised that he bore the burden of proving to the Court that respondent's deficiency determinations were incorrect. Petitioner stated that he understood and he arranged for a meeting on August 13, 1990, with respondent. Petitioner subsequently cancelled that meeting. At the call of the calendar, petitioner appeared, and once again the Court explained to him his obligations to this Court in regard to the stipulation process. Petitioner stated that *600 he understood, and a trial date was set for 10 a.m., September 20, 1990. Petitioner, whose case was the last case on the September 10 trial session in San Francisco, did not appear at the time set for his hearing. Accordingly, the Court acted favorably upon the motion which respondent had filed on September 17, requesting a dismissal for failure to prosecute properly. Respondent's motion outlines the numerous conferences scheduled and then cancelled by petitioner, as well as his refusal to provide respondent with copies of the evidence which he intended to present at trial. It is apparent from the specific facts detailed in respondent's motion that petitioner never entered into a bona fide effort to arrive at a stipulation for trial. Accordingly, respondent's motion was orally granted and petitioners' case was dismissed for failure to prosecute properly. Further, the Court on its own motion determined to award damages (a penalty) to the United States pursuant to the provisions of section 6673 in the amount of $ 1,000. Approximately forty-five minutes after the case was dismissed, after the judge had left the courtroom, respondent had left, and the clerks were assembling their *601 papers for shipment to Washington, petitioner knocked on the courtroom door. In the interest of giving him a full and fair hearing, the Court summoned respondent to return to the courtroom and went on the record, after advising petitioner that respondent's motion to dismiss had been granted and that petitioner had been penalized for instituting and maintaining this proceeding primarily for delay. Petitioner offered no satisfactory excuse for failing to appear in Court at the time scheduled for his case. He offered no reasonable excuses for failing to meet with respondent on the various scheduled conference dates in order to prepare a stipulation of facts for trial. We find that petitioner brought and maintained this action primarily for purposes of delay and we come to the inescapable conclusion that petitioner never had any intention of entering into a stipulation of facts or otherwise following the rules and orders of this Court. Further, we note that even after reopening the courtroom to petitioner upon his late arrival, he nowhere stated that he had available evidence pertinent to his case although the notice of trial advised him that all such evidence was to be available *602 at the time of the calendar call. We also take note of the fact that petitioner arrived in the courtroom with two large potted plants but failed to indicate their purpose. Our Rule 123 provides that if any party has failed to plead or otherwise as provided by these rules or as required by the Court, then such party may be held in default by the Court and a decision may be entered against the defaulting party. The rule goes on to provide that the Court may dismiss a case and enter a decision against a petitioner for failure to properly prosecute. Such a decision is an adjudication on the merits. These petitioners have failed to prosecute their case properly. Further, section 6673 provides that whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, the Court may in its decision require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Accordingly, as we have determined that petitioners brought and maintained this matter primarily for delay we require petitioners to pay to the United States a penalty in the amount of $ 1,000 pursuant to section 6673. Respondent's motion *603 to dismiss is granted and decision, including penalty, will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year at issue; all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The correct section numbers for the additions to tax are 6653(a)(1) and 6653(a)(2). Petitioners were not prejudiced by the use of incorrect numbers.↩